UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CRESENCIANO RODRIGUEZ,

    Plaintiff,

    v.

NANCY A. BERRYHILL
(PREVIOUSLY CAROLYN W.
COLVIN),
Acting Commissioner of Social
Security,[1]

    Defendant.

No. 1:16-CV-03183-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

    Before the Court are the parties' cross-motions for summary judgment, ECF
Nos. 16 & 18. Mr. Rodriguez brings this action seeking judicial review, pursuant to
42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his
application for Disability Insurance Benefits under Title II of the Social Security
Act, 42 U.S.C §§ 401-434. After reviewing the administrative record and briefs
filed by the parties, the Court is now fully informed. For the reasons set forth

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. Pursuant to Rule
25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the
defendant in this suit. No further action need be taken to continue this suit. 42 U.S.C. § 405(g).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1**

below, the Court **GRANTS** Defendant's Motion for Summary Judgment and

**DENIES** Mr. Rodriguez's Motion for Summary Judgment.

## I.      Jurisdiction

Mr. Rodriguez filed his application for Disability Insurance Benefits on December 7, 2012. AR 18, 186-94. His amended alleged onset date of disability is March 22, 2011. AR 18, 42-43. Mr. Rodriguez's application was initially denied on May 9, 2013, AR 124-26, and on reconsideration on August 9, 2013, AR 128-29.

A hearing with Administrative Law Judge ("ALJ") Tom L. Morris occurred on January 29, 2015. AR 38-98. On April 23, 2015, the ALJ issued a decision finding Mr. Rodriguez ineligible for disability benefits. AR 18-27. The Appeals Council denied Mr. Rodriguez's request for review on August 19, 2016, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner.

Mr. Rodriguez timely filed the present action challenging the denial of benefits, on October 12, 2016. ECF No. 3. Accordingly, Mr. Rodriguez's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.      Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsbury v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe

impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f),

404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.    Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here. Mr. Rodriguez was 45 years old at the amended alleged date of onset. AR 26, 100, 111, 186. He has only limited education and is attending school to get his GED. AR 26, 42, 342, 251, 254. Mr. Rodriguez is able to communicate in English. AR 26, 341, 375. Mr. Rodriguez previously worked as a cashier, manager, and auto repair service estimator. AR 25, 196-98, 220, 251.

# V.    The ALJ's Findings

The ALJ determined that Mr. Rodriguez was not under a disability within the meaning of the Act from March 22, 2011, his amended alleged date of onset. AR 27.

**At step one**, the ALJ found that Mr. Rodriguez had not engaged in substantial gainful activity since March 22, 2011 (citing 20 C.F.R. §§ 404.1571 et seq.). AR 20.

**At step two**, the ALJ found Mr. Rodriguez had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, bilateral shoulder impingement syndrome with degenerative joint disease of the AC joints, diabetes, hypertension, and obesity (citing 20 C.F.R. §§ 404.1520(c)). AR 20.

At **step three**, the ALJ found that Mr. Rodriguez did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 22.

At **step four**, the ALJ found Mr. Rodriguez had the residual functional capacity to perform light work with these limitations: (1) he can lift and carry 20 pounds occasionally and 10 pounds frequently; (2) he can stand and/or walk (with normal breaks) for a total of three hours in an eight-hour workday; (3) he can sit (with normal breaks) for five hours in and eight-hour workday; (4) he can occasionally climb, stoop, kneel, crouch, crawl, and balance; (5) he can

occasionally reach, handle, finger, and feel; (6) he should avoid concentrated

exposure to hazards such as heavy machinery and unprotected heights; and (7) he

can perform work that does not require a production rate pace but is rather goal

oriented and has no requirement for close attention to detail. AR 22.

The ALJ determined that Mr. Rodriguez is unable to perform any past

relevant work. AR 25.

At **step five**, the ALJ found that, in light of his age, education, work

experience, and residual functional capacity, in conjunction with the Medical-

Vocational Guidelines, there are jobs that exist in significant numbers in the

national economy that he can perform. AR 26.

## VI.   Issues for Review

Mr. Rodriguez argues that the Commissioner's decision is not free of legal

error and not supported by substantial evidence. Specifically, he argues the ALJ

erred by: (1) finding his degenerative disc disease does not meet the severity of

Listing 1.04A; (2) improperly discounting the opinion of Nancy Schwarzkopf,

A.R.N.P.; (3) improperly discrediting Mr. Rodriguez's subjective complaint

testimony credibility; (4) improperly weighing the lay witness statements of Mr.

Rodriguez's wife, son, and friend; and (5) failing to identify jobs, available in

significant numbers in the national economy, that Mr. Rodriguez can perform

despite his functional limitations.

## VII.   Discussion

### A. The ALJ Did Not Err in Finding That Mr. Rodriguez Did Not Meet the Severity of Listing 1.04A.

Mr. Rodriguez contends that his impairments meet the criteria of Listing 1.04A, *Disorders of the Spine*. A claimant is presumptively disabled and entitled to benefits if he or she meets or equals a listed impairment. 20 C.F.R. §§ 404.1520(d), 404.1525. The listings describe, for each of the major body systems, impairments which are considered severe enough alone to prevent a person from performing gainful activity. 20 C.F.R. §§ 404.1525, 416.925.

At step three of the sequential evaluation process, it is the claimant's burden to prove that his impairments meet or equal one of the impairments listed. *Oviatt v. Com'r of Soc. Sec. Admin.*, 303 F. App'x 519, 523 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir.2007); *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir.2005). To meet a listed impairment, a disability claimant must establish that her condition satisfies each element of the listed impairment in question. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999). To equal a listed impairment, a claimant must establish symptoms, signs, and laboratory findings at least equal in severity and duration to each element of the most similar listed impairment. *Tackett*, 180 F.3d at 1099-1100 (quoting 20 C.F.R. 404.1526).

Listing 1.04A requires:

Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found Mr. Rodriguez's degenerative disc disease of the cervical and lumbar spine was severe at step two, but in considering Listing 1.04 at step three, the ALJ did not find that Mr. Rodriguez's back impairment satisfied the requirements of Listing 1.04(A), (B), or (C). AR 20, 22.

Mr. Rodriguez contends that the ALJ failed to consider the clinical findings of examining doctor, William Drenguis, MD., and by piecing together selective portions of Dr. Drenguis' clinical findings Mr. Rodriguez attempts to indicate that his back impairment meets the severity of Listing 1.04A. However, Mr. Rodriguez also notes that the ALJ did consider Dr. Drenguis' report and opinion, afforded it significant weight, and determined that his impairments did not meet Listing 1.04A. AR 25. Notably, Dr. Drenguis himself did not state that Mr. Rodriguez's impairments met the severity of a listed impairment, and did not find Mr. Rodriguez disabled. AR 341-46. Dr. Drenguis instead opined Mr. Rodriguez could work and assigned Mr. Rodriguez a limited functional capacity, with which Mr. Rodriguez does not take issue, and which was adopted nearly verbatim by the ALJ.

AR 22, 345-46. Additionally, the ALJ's conclusions are further supported by the medical opinions of State agency reviewing doctors, who determined after reviewing the evidence, including Dr. Drenguis' clinical findings and report, that Mr. Rodriguez's impairments did not meet or equal the severity of Listing 1.04. AR 101-06, 113-18.

Importantly, Mr. Rodriguez's Listing 1.04A argument is based only on the acceptance of his interpretation of Dr. Drenguis clinical findings, rather than the findings and conclusions of the ALJ, Dr. Drenguis, or the State agency reviewing doctors. However, the Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").

Thus, the ALJ properly determined that Mr. Rodriguez's impairments did not meet the severity of Listing 1.04A, and this determination is supported by substantial evidence in the record.

## B. The ALJ Properly Weighed and Considered the Opinion Evidence of Nancy Schwarzkopf, A.R.N.P.

The opinion testimony of Nancy Schwarzkopf, a registered nurse practitioner, falls under the category of "other sources." "Other sources" for

opinions include nurse practitioners, physicians' assistants, therapists, counselors, welfare agency personnel, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111.

Ms. Schwarzkopf opined that Mr. Rodriguez must lie down during the day for more than two to three hours, that working on a regular and continuing basis would cause his condition to deteriorate, that Mr. Rodriguez would likely miss two days of work per month if attempting to work due to his pain, and concluded that he is unable to work full-time. AR 401-02. The ALJ did not completely discount or reject Ms. Schwarzkopf's opinion, but afforded the opinion only little weight. AR 25. The ALJ supported the decision to afford Ms. Schwarzkopf's opinion little weight with multiple germane reasons for doing so.

The ALJ stated that Ms. Schwarzkopf's opinion that Mr. Rodriguez is unable to work full-time is inconsistent with the longitudinal treatment history and inconsistent with her treatment records. An ALJ may reject even a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602-603 (9th Cir. 1999). Additionally, An ALJ may reject even a doctor's opinion that is so extreme as to be implausible and not supported by any findings made by any other doctor. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

The ALJ includes a detailed summary of the objective medical evidence, which affirms that Mr. Rodriguez has physical limitations but contradict Ms. Schwarzkopf's conclusion that Mr. Rodriguez cannot perform full-time work. AR. 23-24, 342-45, 351-400, 407-55. Furthermore, no doctor in the record confirms Ms. Schwarzkopf's conclusion that Mr. Rodriguez cannot perform full-time work, but rather contradict her conclusion. Additionally, the ALJ noted, contrary to Ms. Schwarzkopf's opinion that Mr. Rodriguez is not as severely limited as opined, demonstrated by Mr. Rodriguez's actual high-functioning activities of daily living, including regularly preparing breakfast, going to school, doing his homework, working on cars if there was one, gardening, mowing the lawn, and grocery shopping. AR 21, 24, 104, 337, 341-42.

The ALJ properly provided germane reasons for assigning little weight to the opinion of Ms. Schwarzkopf, and supported the determination with specific and legitimate reasons supported by substantial evidence in the record. Thus, the ALJ did not err in the consideration of Ms. Schwarzkopf's opinion.

### C. The ALJ Properly Discounted Mr. Rodriguez's Credibility.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When

evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Mr. Rodriguez alleges; however, the ALJ determined that Mr. Rodriguez's statements regarding intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 23.

In discounting Mr. Rodriguez's credibility, the ALJ noted inconsistencies with the record, and that the medical evidence does not substantiate his allegations of complete disability due to his limitations. AR 23. Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Specifically, the ALJ noted that the medical findings demonstrate a reduced range of motion, tenderness of the spine, muscle spasm, and stiff movement; however, the records also demonstrate that despite his limitations he has normal fine motor skills and intact balance and gait. AR 23, 371-72, 376, 382, 391. Additionally, in 2013, Mr. Rodriguez was able to ambulate without assistance, get on and off the examination table without assistance, toe and heel walk, take his shoes off and put them on again, tie a pair of shoes, pick up a coin with either hand, and perform a full squat. AR 24, 343-44. Furthermore, the

medical findings show that he has 5/5 motor strength in all major muscle groups and 4+/5 in his right biceps and hip flexors. AR 24, 344. In 2014, Mr. Rodriguez continued to have normal muscle tone, intact balance and gait, and his fine motor skills were normal. AR 24, 427-28, 442, 447.

The ALJ also noted several activities of daily living that are inconsistent with Mr. Rodriguez's allegations of total disability. AR 21, 24. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Mr. Rodriguez alleges total disability due to his back injury, neck injury, shoulder injury, leg numbness, and pain, rendering him unable to function in or outside his home. AR 23, 229. However, the ALJ identified several of Mr. Rodriguez's activities of daily living that are inconsistent with his allegation of total physical disability. In particular, the ALJ noted Mr. Rodriguez regularly prepares breakfast, goes to school, does his homework, does yard work once a week, gardens, mows the lawn, and grocery shops. AR 21, 104, 337, 341-42. Mr. Rodriguez also climbs a full flight of stairs twice a day, and he is able to drive for

an hour, cook, wash dishes, and do laundry. AR 21, 104, 341-42. In addition to attending school, Mr. Rodriguez works on cars 20 to 25 hours a week, likes to walk, ride bikes, and spend his leisure time playing with his son. AR 48-49, 104, 251, 342.

The Court does not find the ALJ erred when assessing Mr. Rodriguez's credibility because Mr. Rodriguez's allegations of complete disability are inconsistent with the record and medical evidence and Mr. Rodriguez's activities reflect a level of functioning that is inconsistent with his claims of total disability.

### D. The ALJ Properly Considered the Lay Witness Statements.

The written statements of Mr. Rodriguez's wife, son, and friend, fall under the category of "other sources." "Other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague*, 812 F.2d at 1232. An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill*, 12 F.3d 915. One germane reason is sufficient to discredit statements from a lay witness. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

In his decision, the ALJ afforded little weight to the written statements submitted after the hearing from Mr. Rodriguez's wife, son, and friend. AR 25, 295-98. The ALJ noted that the lay witness observations are similar to Mr. Rodriguez's own subjective complaints of disabling pain and inability to concentrate, and assigned them little weight for the same reasons the ALJ determined that Mr. Rodriguez's statements regarding the severity of his symptoms are not entirely credible. *Id*.

"Where lay witness testimony does not describe any limitations not already described by the claimant, [] the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony." *Molina,* 674 F.3d at 1117; *Valentine*, 574 F.3d at 694 (because lay testimony was similar to rejected subjective complaints, "it follows that the ALJ also gave germane reasons for rejecting [the lay] testimony").

As stated above, the ALJ properly rejected Mr. Rodriguez's testimony and credibility. As the information provided by Mr. Rodriguez's wife, son, and friend is cumulative to that provided by Mr. Rodriguez, the ALJ's proper reasons for rejecting Mr. Rodriguez's statements apply to the lay witness statements as well. Thus, the ALJ properly considered and assessed the lay witness statements provided by Mr. Rodriguez's wife, son, and friend.

### E. The ALJ Did Not Err at Step Five of the Sequential Evaluation Process.

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work available in significant numbers in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012). If the limitations are non-exertional and not covered by the grids, a vocational expert is required to identify jobs that match the abilities of the claimant, given [his] limitations." *Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir. 1995).

Mr. Rodriguez contends ALJ erred at step five of the sequential evaluation process by failing to identify jobs available in significant numbers that Mr. Rodriguez can perform despite his functional limitations. Specifically, Mr. Rodriguez states that the ALJ erred in denying his request at the administrative hearing that he be provided with the labor market studies the vocational expert had used in order to "[come] up with the numbers" (AR 91), and in affording little weight to a labor market study submitted after the hearing by a non-testifying consultant obtained by Mr. Rodriguez.

Based on the residual functional capacity the ALJ assigned to Mr. Rodriguez and the testimony of the vocational expert, the ALJ determined that Mr. Rodriguez can "perform the requirements of representative occupations such a furniture rental consultant," which is light work with 100,000 jobs nationally. AR 26. At the administrative hearing the vocational expert testified, based on the Dictionary of Occupational Titles ("DOT") and her personal experience, that a person with the same limitations as those assigned to Mr. Rodriguez could perform the job of a furniture rental consultant, and that there are roughly 100,000 available in the national economy. AR 87, 90-91. Notably, one job title alone is a sufficient basis upon which to make a step five determination. *See* 20 C.F.R. § 404.1566(b) ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications."); POMS DI 25025.030 (agency policy provides that the ALJ may rely upon one occupation so long as it exists in significant numbers and such determinations are "specific to the vocational specialist, and rely upon expert knowledge of current local or national labor trends").

The vocational expert testimony provided substantial evidence to support the ALJ's finding. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("An ALJ may take administrative notice of any reliable job information, including

information provided by a VE."); *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir.1995). An ALJ's reliance on the vocational expert's testimony was warranted. *See Bayliss*, 427 F.3d at 1218. Here, the specific job of furniture rental consultant was not an arbitrarily chosen, rather it is an occupation available in significant numbers that can be performed by Mr. Rodriguez despite his functional limitations as determined by a vocational expert giving her sworn testimony based on the DOT and her personal experience. AR 87, 91. Furthermore, the ALJ supported the assignment of little weight to the labor market study, prepared for and submitted by Mr. Rodriguez after the hearing, with numerous valid reasons for doing so. The later submitted labor market study is contradicted by both the sworn testimony of the vocational expert who testified at the hearing and the DOT. Additionally, the individual who created the study was not the vocational expert at the hearing, he was never sworn in, he did not review Mr. Rodriguez's work history, and he was never accepted as an expert for the hearing. AR 27.

The ALJ properly framed the hypothetical questions addressed to the vocational expert. Additionally, the vocational expert properly identified jobs available in significant numbers in the national economy that match the abilities of Mr. Rodriguez, given his limitations. The ALJ reasonably relied on the sworn testimony of the vocational expert, rather than the later submitted report of a non-

testifying consultant. Thus, the Court finds the ALJ met his step five burden and did not err in his analysis or conclusions.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 18,** is **GRANTED.**

3. **Judgment shall be entered in favor of Defendant** and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 20th day of June, 2017.


*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge